■ TOBIAS M. LEVKOVICH, an Infant, by His Father and Natural Guardian, JOSE LEVKOVICH, et al., Respondents, v. VIVIAN HOTEL CORP., Doing Business as SAXONY HOTEL, Appellant.— Order of the Supreme Court, Kings County, dated October 31, 1966, reversed insofar as appealed from, without costs, and defendant's motion for an extension of time to serve a demand for change of venue granted. Defendant's time to serve the demand is extended until 10 days after entry of the order hereon. Defendant neglected to serve its demand for a change of venue, on the ground that venue was not laid in the proper county, with or before service of its answer, pursuant to CPLR 511 (subd. [a]). Four days after service of its answer defendant moved, pursuant to CPLR 2004, for an extension of time to serve the demand. In our opinion, CPLR 2004, which provides that "the court may extend the time fixed by any statute, rule or order for doing any act", empowers the court to grant the relief requested herein. Since defendant made its motion promptly and no prejudice to plaintiffs has been shown by the delay, the extension of time should have been granted in the proper exercise of discretion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINIC CICERALE, Appellant.— Order of the County Court, Nassau County, dated June 13, 1966, reversed, on the law and the facts and in the exercise of discretion, and this coram nobis proceeding remitted to the court below for the purpose of (a) holding a hearing before a Judge other than the one who accepted the plea of guilty, at which the proofs of the parties, including the testimony of the attorney who appeared for defendant at the time defendant pleaded guilty shall be adduced and (b) making a determination de novo, on the basis of all the proof submitted upon the hearing. Under all the circumstances, a hearing should be accorded defendant as to whether he was induced to plead guilty by a representation of the trial court that a lesser sentence would be imposed than defendant ultimately received. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.